Good morning your honors and may it please the court. My name is Marybeth Reed and I represent the petitioners Yamilet and her minor son. I'm joined today at council table by my colleague Evelyn Smallwood. The record in this case reveals that Yamilet testified credibly to the fact that she and her family went to the police on at least three separate occasions and never once received help or protection. The record further confirms that the Salvadoran police were hampered by inadequate funding and limited resources and that there was actual corruption within the police force. The record labels El Salvador as the most dangerous Latin American country for women. On top of that the United States Department of State report confirms that laws against rape were not effectively enforced and that violence against women and girls was infrequently addressed by the authorities. Together all of this evidence was ignored by the agency and that was erroneous. I'd like to first start with the legal errors of the agency's decisions then turn to why their findings are not supported by substantial evidence and how ignoring all this evidence is an abuse of discretion. So first turning to the legal errors there was a conflation of elements here in between what is the well-founded fear of persecution and government protection and I'd like to clarify what we are and are not arguing here. This is not an argument about the order of the elements of asylum nor is this an argument saying that there cannot be any overlap between the elements. Amaya makes clear that overlap between legal elements is very common but what creates a problem is when one element is completely subsumed by another and that's what happened here where the immigration judge's analysis of government protection was completely subsumed. I thought in this case the appeal was taken to the BIA and the BIA did not address all the elements. The BIA addressed only the police were unable or unwilling and relied solely on that factor. That's correct your honor. Wouldn't that be the only issue before us today? That's correct your honor and that is the element that was that I'm saying is completely subsumed within the immigration judge decision and we see the same error made by the BIA as well. You ought to reverse the order. The BIA is who we review. Correct. Correct your honor and so the BIA does the same mistake as well and so they look only to... Can you re-articulate exactly what you say the error is? Of course your honor. The error comes down to not applying the correct legal standard for government protection or when we say government protection we're talking about the element having to do with whether or not the Salvadoran government was unable or unwilling to protect my client and so the legal standard here is completely missing from both the BIA and the immigration judge analysis and instead they're solely focusing on future harm to the applicant. Again I think the reason for this is because they're conflating it with a well-founded fear of persecution that they're only looking to the future. You won't stick with the one issue is whether the police were unwilling or unable. The BIA made one reference to it and it seems to me suggesting there was no evidence of that and your argument is that there was plenty of evidence because she testified on various occasions when she called the police and they didn't respond. That's correct your honor. And they didn't address that at all. Yes. Okay but I don't know why you keep going into all the asylum and going back to the IJ and so forth. The BIA's opinion is very narrow. It did not go in all the other elements and it did not go into blurring. It basically addressed the one element were the police unable or unwilling. That's correct your honor. Even within that analysis I think what's missing here is the analysis from this court's en banc decision in Portillo Flores where the agency is supposed to look at whether or not it was futile for an individual to go to the police and whether or not that individual may have been at risk at further harm by going to the police. So what do you say the standard of review is here? The standard of review I would say for the legal errors is de novo and then substantial evidence for the factual findings related to whether or not this evidence is adequate based on the holdings. So that's clear error. The BIA says that the respondent argues that the government's unwilling or unable to protect her and that's a factual determination. The factual finding of whether or not yes although they ignored the legal errors made by the immigration judge and that should have been reviewed de novo. All right so help us understand what legal error relates directly to this factual question. I think it's the incorrect legal standard your honor and so in particular. Tell us what that is in your view. Yes it's what I just mentioned related to Portillo Flores of asking whether or not it is futile or whether the individual is at further risk of harm. The immigration judge didn't have the benefit of this court's decisions in Oriana and Portillo Flores but the BIA did and they ignored that new standard related to government protection and failed to apply it here. In addition we also think there is not substantial evidence to support the factual findings here and I'm happy to to jump into that as well. So your argument is that below you argued that it was futile for Ms. Chavez to go to the police? It was not argued in the brief. Again Portillo Flores had not been decided. Oriana had not been decided. However the case was also not remanded back to the immigration judge in light of those new cases but I do believe that based on the evidence in the record that the fact that she and her family went to the police on at least three different occasions never received help would be evidence to suggest that it's futile to continue. I thought there was a five-year period where she didn't go to the police at all. There was a period of time where she did not go to the police. That's correct your honor but again I think once you've already been to the police three times including after having been kidnapped and separated from your family for an entire year when the police is not willing to help. So that they ever why do you say they're not willing to help? Precisely because of the fact that she went to the police at least three she and her family went to the police at least three times and never received any form of protection. So she presented herself and a variety of crimes as well. Are you arguing that if the police fail to make an arrest that that is sufficient in and of itself? No your honor I think what more has to do is the fact that we have evidence that she went to the police and there was no follow-up of any kind. We don't have evidence in the record that the police tried to help. We don't have records of investigations. We have none of that here. All we know is that she went to the police at least three times and stopped going to the police because there's no evidence that the police said we're not going to help you. We're not going to investigate this. Correct? That's correct your honor and I don't think that's required. So Portillo Flores reiterated the fact that there is no per se reporting requirement and so if an individual need not go to the police I don't think that there can be a requirement. May not be per se but it is evidence. Of course your honor but I think it would be helpful to contrast this case with Melina Diaz which was the recent decision from this court that the government brought to this court's attention. I thought she testified when she complained on the various occasions that nothing happened. They didn't come. The police did not come? No. Yes your honor my understanding there was one time where she spoke directly to police and they asked her who was it. That's at the salt? Yes. Okay. She was being in public and the police came and took. And they didn't do anything there? Correct. But earlier she said she'd called the police on various occasions and nothing happened? Correct. And yet the BIA says that there's insufficient evidence that the government was unable or unwilling to control perpetrators in these crimes including Abiod and basically said that was a question of fact and didn't address it any further. That's correct your honor and I think that there is not substantial evidence supporting the agency's decision and importantly here the BIA does not provide any specific reasons for their decision. We don't know what evidence they found compelling to support their decision. The only evidence that we have from the agency in general to support the fact that the Salvadoran government was somehow unable or unwilling to protect Yamilet comes from the immigration judge's decision where he points to the fact that. Why does it come from a decision that these are factual questions they have to be in the record? Well but. And it seems to me your argument has to focus on the record. Now I did look through the record all the time she said she called the police and she said nothing happened or they didn't come. Now that was never addressed. Correct your honor I would say related to an abusive discretion this court does look to the reasons the agency provides for disregarding credible unrebutted testimony and so I do think we need to look at what reasons the agency gives here and it basically gives none. The only reason that an immigration judge could point to is that rape is criminalized and that there are restraining orders but that cannot possibly be enough to go against all of the testimony and country conditions evidence that Yamilet did present here and I think it's helpful to contrast this case with Melina Diaz. There the police did actually help on two separate occasions so the police did an investigation they closed down a street they looked into a murder and also they provided security at a funeral so that individuals were able to attend the funeral and receive security and protection. That is in direct contrast with what we have here where here Yamilet and her family went to the police several times never received any form of help the police didn't come on several occasions and I think it bears noting here the different types of crimes that they were going to the police for. She was kidnapped from her home at the age of 15 and her parents went to the police and they didn't you know as far as we know there is no investigation that was done there. Later her partner was shot in the leg and there was no help from the police and she was beaten in public and again they got the name of her abuser and still continue to do nothing to help support her. And in particular Portillo-Flores indicates that we have to look at the specific circumstances of the applicant and that weighs most heavily when we're talking about whether or not the government is unable or unwilling to protect Yamilet and so I think here her credible unrebutted testimony comes first in terms of how we look at this and how the evidence is weighed and again we have no reasons from the agency here it is not a clear decision. We have you know as Judge Niemeyer pointed out the BIA decision is incredibly brief they don't explain their decisions and that is an abuse of discretion and on top of that there is not substantial evidence to support the facts in this case. All we have is the fact that Yamilet and her family went to the police didn't receive help. Again the country conditions only go to the support this. The United States Department of State report also only helps support this and indeed the immigration judge cites to that but he cites to the fact that only five percent of six thousand something reported crimes ended up going to trial but that only helps Yamilet that helps prove her point that there is not adequate protection in El Salvador for gender-based crimes and all of this together shows that there's not substantial evidence to support these decisions and again because they did not offer any specific reasons to disregard Yamilet's unrebutted testimony we do ask that this court would grant the petition for review and remand. If there's other questions I'm happy to answer but otherwise I can reserve the rest of time for rebuttal. All right thank you. Thank you. Ms. Henley. Good morning and may it please the court. Madeline Henley for the Attorney General. The only question before the court is whether the record compels reversal of the agency's that petitioner presented insufficient evidence to show that the government of El Salvador was unable or unwilling to control her non-governmental persecutor Hernandez. It does not and I'd like to skip based on what my opposing counsel focused on I'd like to skip directly to her repeated assertion that she that petitioner testified on three that on three separate occasions she reported her harm from Hernandez to the police because what the record actually shows is that she says that she did so on various occasions but the record does not support that. The record supports a single report where the police came to her assistance. The first page that's not correct she testified I have it listed here she testified several times she said I called them on various occasions and she talked about repeated that type of testimony and they would do nothing and did nothing and in the one incident where the police were there they did nothing that's the one you're referring to but I think you're just overlooking her testimony. No your honor I'm sorry I disagree what I'm not disputing that she testified that she reported on various occasions. And she said nothing happened. And she said nothing happened and my and my point is that is not substantial evidence. Why not? Because simply saying I did it on various occasions without specifying that. She did specify on two she talked about two different earlier occasions when she called the police. Your honor on the first page she cites where she says various occasions is 119 and there she was specifically asked whether she she was age 11 it was 2002 and she claims that Hernandez and his other gang members who came to the house and beat her up her father and her siblings and her attorney asked her did you report this to police and she answers non-responsibly I did on various occasions but nothing happened this at this point 2002 she's 11 years old. She was when her uncle and cousin were killed and it was all in the news nothing was done by the police. She actually on with respect to the uncle and cousin she also does not say the police was reported and said she said no witnesses wanted to assist. Your honor I really want to point out because my point is not the the question is that was never assessed. The the IJ said simply respondent has not provided sufficient evidence to conclude the government was either unable or uncontrollable and that's all it says it doesn't take up any of the evidence it doesn't take any of the country response and then that finding which is doesn't address any factual matter the BIA says we accept it and that's and that's it two sentences one in the IJ and one in the one in Now you can say it wasn't specific you can argue that it was this or that but there's plenty of evidence that the police weren't doing anything in response and the suggestion was that it was domestic violence and of course she maintained the entire time that she never had a relationship with him that she was a sex slave. She was stored in a room for a year with locked into a room and and raped and and finally had his child and I mean this evidence isn't addressed by the IJ on that issue. Your honor the harm that petitioner in her account is harrowing but the record reflects she denied she specifically denies that she reported the abduction and rape by Hernandez that occurred between 2005 and 2007. She said she was asked did you report that she said not on that occasion she then testifies at page 168 of the record that the report at the fair when she was harmed she was assaulted by friends of Hernandez and the police came to her assistance she says that that was the last report she ever made that means that where does any of this appear in the IJ? The IJ summarizes her testimony fairly as I reported on various occasions and they did nothing that's an accurate assessment because she didn't report any she didn't specify any occasion on which she actually did report she never and the only time with respect to the fair in 2007 which was the last report she says that that was the last report she ever made and at that report the police came to her and they said and she says she told them I believe Hernandez was behind it she doesn't say she was 16 now she doesn't say what was the basis for her beliefs that Hernandez was behind it she doesn't say what she told them she doesn't say if she said where they could find him she doesn't say if she described him and she doesn't say how she knows they did nothing just saying they did nothing in the court's other cases they have cases where the petitioner went back to the police they followed up um here judge Niemeyer's point is about this case is more about what the IJ and the BIA do not say and do not address they do not address in in their opinions any of this uh any of her evidence that the police were unwilling or unable to assist her but in any meaningful way that we can review okay with respect to the immigration judge the immigration judge does assess the record as a whole as only establishing that she says she did it on various occasions and they did nothing but that is a thin record with regard to this reporting where there's no specific testimony um beyond the one incident of the fair where she and in addition where there was no corroborating evidence you're saying that petitioner would have to have done petitioner first of all she she needs to make contact with the police right and so here there's only evidence that there is some um uh i'm sorry may i just take a sip of water oh certainly um petitioner needs to have established that she reported her harm to the police absent the evidence of reporting of of informing the police that this is happening it's not meaningful to say they did nothing because we don't know what they knew here there's evidence of a single time that she spoke to the police when she was harmed by friends of hernandez and a denial that she reported any of the rape or the abduction she denies she reported it between the 2005 2007 she says 2007 was her last report and the other rate occurred in 2014 sorry so you're saying that in the government's reading of the record she only reported to the police one time correct and in addition with regard to the board discounted it all simply because she didn't file police reports not simply because she didn't file police reports because despite the horrific habitual claims or abuse for years and claims of reporting to the police on various occasions respondent provided no evidence of police reports relating to a booth that's how the court disposed of it correct so they is there a requirement that a police report has to be filed as opposed to calling the police and complaining there's absolutely no requirement that the police report per se however this case is not about futility of reporting or about i'm suggesting to you i'm not suggesting to you that the evidence would survive or not what i'm suggesting is that the evidence she put in was just not considered by the bia the bia basically said well the ij made it a question of fact and and when there's two different positions we go with the bia i mean we go with the ij and so you look at the ij and the ij basically says well she didn't file police reports and so that's the reason to me the ij says that on that she reported that she did it on various occasions and they did nothing but their testimony is very thin there is nothing more and then not not the question is whether it's thin the question is what did the ij say about it the ij rejected it because there wasn't a police report the ij rejected it because in addition to the fact there's nothing more here in this record to show that it was done there's no police report her mother submits a letter doesn't say that she or the family reported the police submitted ij say about it i don't want to keep hearing what the record shows and your views of the record we're reviewing my only trouble with this case i mean you may be absolutely right my trouble in this case is the bia gave one sentence to the issue dispositive issue in the case that the police were unwilling or unable to come and the record shows that she made a point several times that they were unwilling unable to come and now you're attacking her testimony but the ij didn't address that except to say she never filed a police report and that's then it moved on and so the question is is that adequate and bia adequate and just accepting that without looking at the record your honor let me address the board decision the board recognizes the immigration judge's decision that her whole claim could be denied for lack of then the immigration judge's decision that she failed to establish the unable and unwilling prong of her claim and then he looks the board looks to the petitioner's brief and the board says this question whether or not uh the government is able to control the non-governmental persecutor is a question of fact that we review for clear error petitioner contends on appeal to this court that her testimony and the country conditions evidence should have been enough to establish her burden that contention does not show clear error in the immigration judges who said that the board that's exactly the basis for the board's decision the board says this is what she contends on appeal she's uh you're talking about at ja4 correct petitioner's contention that her testimony and country conditions is sufficient to meet her burden does not suffice to demonstrate any clear error in the immigration judge's finding where the immigration judge's finding was that she didn't file a police report the immigration judge's finding was that she testified that on various occasions she reported to the police and they did nothing that apparently because but they said it's not enough because she didn't file a report they said it's not enough that plus the country conditions evidence which the immigration judge reasonably found were equivocal and the fact that there was nothing more to bolster her claim just saying just coming to court and testifying yeah i did on various occasions but they did nothing and then denying in addition that you reported either of the central incidents of harm is it the government thinks she needed to do when you can see that she's not required to present a police report she's not required to present a police report i just i also don't think the police would put in the report she reported to us but we're unwilling and unable to assist so i don't know what she what it is the government expects her to do here um your honor um there's um the court has a case where um petitioner repeatedly attempted to contact police but was unable to do so um i'm trying remember which case it is but she they talk about how um she she tried to call the police and they didn't answer and they didn't answer and they didn't answer and then she went to a neighbor and the neighbor tried to call the police and the police didn't answer and then a gang member found out that she reported to the police and threatened her and so she didn't report again and the court found she didn't do enough she she didn't sufficiently avail herself here we have of her own government's protection um i think it's larios vargas that my colleagues are making is that had the ij and the board written in their opinions what you've described this might not be an issue it's not that petitioners are going to prevail or you're going to prevail i think it's more a question a question of sufficiency but the record the question um is whether the evidence in the record compels reversal of the conclusion and the conclusion is that she did she was insufficient let's just stick to the one issue this is what the ij says in title in its analysis not how it summarized the cases or the brief this is its analysis on that issue it says it cites a case and then says by contrast respondent did not submit it no no no it says third respondent has not established that the salvadorian government will be unable unwilling to provide protector from harm in the future cites a case which goes the other way and says by contrast respondent did not submit any police reports and uh despite the horrific and habitual physical abuse for years and claims of reporting to the police on various occasions responded pride no evidence of police reports relating to abu in light of the evidence submitted and then it goes on and says it's not enough and so it relied entirely on the fact that she had not submitted police reports and then the the bia comes and says these findings of fact are not erroneous and the question is we all agree it's not erroneous because she did not file police reports um your honor it says in the immigration judge said in light of the evidence submitted her evidence that she submitted that's all of her evidence the immigration judge clearly considered all of her evidence including that she says she did made various reports um petitioner presented evidence that the police arrested uh hernandez between and he was in jail at some point she presented evidence that at the time in 2011 when they came to her house and they wanted to abduct her they didn't do it because neighbors they were feared afraid were had called the police the immigration just was not judge was not persuaded that there was enough evidence here that she had actually contacted the police and they were unable or unwilling to do anything and um your honors i would just also mention that uh petitioners mentioned uh here in their argument that this case and they cite portillo flores this is a case where um there's uh futility and the those that case was decided after and the court should have considered it petitioner's opening brief doesn't mention futility this case has never been about futility um the case has been about her claim that she reported this many times to the police and did nothing and the lack of evidence to support that assertion in the record therefore there is no evidence in the record to compel reversal well what do we take her testimony to be isn't that evidence yes her testimony is simply i did it and they did nothing that is the part that's insufficient and in her brief to the board she simply claims that the immigration judge um should have found that her testimony and the country conditions was sufficient but she doesn't identify any evidence that the immigration judge overlooked she doesn't identify identify any supposed error does it does the uh ij rely on country conditions in its disposition yes at at page 94 the immigration judge relies on um one is it 194 94 or 194 it's at 94 of the immigration judge's decision it in addition to her testimony it's where page 94 of the immigration judge's decision the paragraph finally do you know what page of the appendix that is i didn't think 94 of the joint appendix i'm sorry okay so it's page 16 the immigration judge looks this this case this immigration judge looked at all of the country conditions evidence it cited repeatedly multiple documents throughout the decision and carefully considering all of it reasonably concluded that the condition that the evidence was equivocal and that while el salvador criminalizes and prosecutes and indeed require the evidence shows that it requires that rape be prosecuted can you tell me or show me where you're talking about on 94 finally respondent submitted evidence that societal norms which which paragraph it's the paragraph that starts finally it's the first full paragraph all right on the page 94 of the joint appendix while the effectiveness of the government's efforts to domestic violence and gang violence is an open and ongoing question they've not she's not provided and it also says while laws against rape were not generally enforced with only five percent of the crimes reported against women going to trial and that doesn't sound helpful to to your side correct it's but it shows the even-handed view of the immigration judge he's saying it's equivocal we have that it's criminalized but we have there's evidence about in fact ineffective enforcement um on that specific statistic petitioner makes much of the fact in the opening brief that that evidence is not in the record it is in the record it's at the country conditions report at page 16 which is cited in the previous sentence so perhaps the immigration judge should have had an id there but it is definitely in the record this this is hardly this is the report uh says societal norms and prosecutorial impunity are a problem in salvador that's what the court relied on that's hardly uh addressing the uh government conditions and it says uh further respondents submitted evidence of widespread gang violence in el salvador those two things don't focus on uh uh whether the country is unwilling or unable correct but the question is what evidence did she present to show that it is unwillingly unable and the only record is about the lack of sufficient effectiveness of rape prosecutions but just because the government i wish it would have been laid out you know you may be absolutely right it's just it's very difficult to go through this especially when she describes these horrific events she one she one argument was that the police don't respond generally to domestic relations problems and she protested throughout her testimony that this was never a protest a relationship that she was forced into this relationship and said that she was basically a sex slave and uh and she said i want to make clear i don't have never had a relationship with abud uh a voluntary one i'm sorry your honor may i just address that last of course because um in on page 289 of the joint appendix she says the i have been a victim of domestic violence since i was 14 years old she said at her credible fear interview that she referred to hernandez as her ex-boyfriend so it's not accurate that she has never characterized this as a case i'm talking about abud her relationship with abud that's the problem abud is the one that put her in a room locked her up i'm speaking about the same person oh same person yeah i'm just using the last name she did explicitly say she never had a relationship with him she never considered him her husband she uh she said uh uh well we can debate this but it doesn't seem to have been addressed that these claims giving her the benefit of the doubt of uh trying to explore uh whether the police were unwilling or unable and uh i found it hard to decide what's going on now you've made very effective arguments this morning but uh it would require going back and seeing what she testified to but she did uh she did testify to a very frustrating life where she was forcefully subjected to she said rape and uh and uh constant rape and and being locked into a room and she called the police and they wouldn't respond and this type of frustration is the type of stuff that has to be addressed i think but anyway uh i understand your point on it too very much yeah all right three brief points your honors uh first of all yamilet's testimony in this case was found by the with claims that it might be thin or not fully developed say that again you say her testimony was or wasn't found to be credible your honor um and so because of that we cannot disregard her credible testimony with claims that it might be thin or may not have explained in the best possible way all of her attempts to go to the police what we do have is evidence on page ja163 she says i did go to the police many times on page 119 i did go on various occasions but they never did anything they referring to the police uh the government in its brief recognizes that credible testimony with the addition of department of state reports is enough and that it is legally sufficient the government in its argument i believe said that she testified that or that only reported once to the police but um your recitation of the record would um undercut that that's correct your honor we disagree with that we know that the police came to her on one occasion when she was in public and was physically beaten but she does still say in her testimony which again is credible that she went to the police on several other occasions we know her family went to the police we know that her partner danny's family went to the police and those other instances cannot be disregarded simply because we don't have a physical police report what is the evidence in the country reports that focuses on this particular issue what does the country report say about about the ability or willingness of the government to respond i think it firmly is in our favor and shows that the government cannot help so it says like what's it where's it say that what's it say oh so the specific pages um so um we have on page 245 of the record uh services for victims of rape are very limited on page 250 police are hampered by inadequate funding and limited resources there's actual corruption within the police um page 272 there's hundreds of femicides annually in el salvador rape increased 18 percent around the time of yamulet's individual hearing so there are a lot of facts that back up her position and again the court that's true though for almost all the central american countries and some in south america that's correct but i think here what we don't have is the agency providing any reasons to go against her credible testimony and all of those country conditions reports the only thing the immigration judge mentions is that rape is criminalized and there are restraining orders um but in oreana this court explains that evidence of empty or token assistance i mean is there any evidence in the record that she ever sought a restraining order there's not your honor so the fact that that relief exists though is not enough and portillo flores says as much a similar situation there the immigration judge had pointed out that uh el salvador was working towards uh combating gang violence and that they had prosecuted and arrested a few people but this court specifically said that is not enough when we compare it with the specific circumstances of the applicant and here those specific circumstances are her credible testimony that on various occasions she and her family went to the police and never received help or protection and that is enough and the fact that the agency ignored that and on top of that did not provide sufficient or really any reason what is it that you ask specifically for is relief we would ask that this court grant the petition for review find that there is not substantial evidence to support the agency's findings we do that why wouldn't we just send it back and tell the board or the ij or both that they have to re-examine the record and make an explanation that they didn't make here i think that's another way to do it your honor i do think the record has enough here to show that there is no substantial evidence wouldn't we we don't want to be fact finders correct your honor um but this court has said that either remand or reversal is sometimes the appropriate action but we'd ask that this court remand back in favor all right thank you your honors all right thank you uh we'll come down to council and take a brief recess the honorable court will take a brief recess
judges: Paul V. Niemeyer, G. Steven Agee, Stephanie D. Thacker